# Pine Grove National Bank v. Dietrich.

*Practice, C. P.—Motion to strike off affidavit of defence—Affidavit—Acts of April 9, 1915, and May 14, 1915.*

1. Under the Act of April 9, 1915, P. L. 72, a motion to strike off an affidavit of defence based on matters of record need not be supported by an affidavit.

2. Such motion must set out and specify the parts of the affidavit of defence which plaintiff contends violate the provisions of the Practice Act of May 14, 1915, P. L. 483.

Motion and rule to strike off affidavit of defence.   C. P. Schuylkill Co., March T., 1925, No. 262.

*J. L. M. Channell*, for plaintiff;  *George Reed*, for defendant.

KOCH, J., July 27, 1925.—The plaintiff contends that the affidavit of defence fails to set forth but a single allegation of fact in each paragraph and that the paragraphs are not consecutively numbered, and that it does not, therefore, comply with the provisions of the Practice Act of 1915, P. L. 483. The defendant contends otherwise and asks us to dismiss the rule because there is no affidavit subjoined to the motion for the rule in verification of the matters stated in the motion.

The Act of April 9, 1915, P. L. 72, which requires an affidavit in support of the facts alleged in any petition, or in any paper in the nature of a petition, does not apply to a motion based on matters of record. The 21st section of the Practice Act provides: "That the court, upon motion, may strike from the record a pleading if it does not conform to the provisions of the act." Such motion is necessarily based on matters of record, and all that our Rule of Court No. 32, paragraph 3, requires is that "All motions must be in writing, and when based upon matters or facts appearing upon the face of the record, such matters and facts must be *specified and set out by such motion.*"  But when the matters or facts do not appear upon the face of the record, paragraph 4 of said rule requires that the facts be set out in a petition and sworn to by the party in whose behalf the motion is made, his agent or attorney.  We think the plaintiff, in making his motion, failed to comply with the rule of court, because his motion does not set out and specify the parts of the affidavit of defence which he contends violate the provisions of the Act of 1915.  There is nothing specific about the motion; it is too general.  We are not called upon to specify what parts of the affidavit of defence, if any, are made in violation of the Practice Act.

And now, July 27, 1925, the motion is denied and the rule is discharged.

From M. M. Burke, Shenandoah, Pa.